Battle, J.
 

 Mnltifariousness in a bill is when a plaintiff combines distinct claims against the same defendant^ or where he unites in the same suit, several defendants, some of whom
 
 *148
 
 are unconnected with a great portion of the case. Adams’ Eq. 309. It may also arise from a misjoining of plaintiffs, whose causes of action are not sufficiently connected to admit of their being united in the same suit. According to these principles, the bill before us is multifarious in several particulars, of which it is necessary for us to notice one or two only, as upon them the demurrer must be sustained. The defendant Miller is alleged to have purchaseed the home tract of land at a sheriff’s sale under an execution against C. A. Allen, deceased, from whom the plaintiffs claim, and that by fraud and misrepresentation, he succeeded in purchasing it for a very inadequate price, under the pretense that he was buying for the benefit of the plaintiffs. If this allegation be true, the equity of the plaintiffs consists in the right to have him converted into a trustee for them, upon their re-paying him the purchase money. This claim is certainly distinct from that which the plaintiffs can have, either as creditors or next of kin of C. A. Allen, to call upon the defendant Davis, as his administrator, for an account and settlement of the estate. These two claims are founded upon equities of a very different character, and have no connection with each other, and therefore, ought not to have been joined in the same suit. It is not pretended that the sheriff did not have authority to sell the land under the executions in his hands, and upon its purchase by the defendant Miller, it ceased to be assets of the estate, and the claim which the plaintiffs may have to it is founded solely upon their allegation that it was purchased for them by Miller, and that he, in fraud of their rights, took the title to himself.
 

 The claim of the plaintiff, Clarissa Allen, for her dower in the home and other tracts, of which her husband died seized, is distinct from that of the other plaintiffs against the defendant Miller. As against him, she is entitled to dower, whether he purchased fraudulently, or otherwise, because the sale was made after the death of her husband.
 
 Frost
 
 v. Etheridge, 1 Dev. Rep. 30. This certainly is a distinct claim from that of the other plaintiffs, and is not sufficiently connected with theirs to admit of their being united in the same suit.
 

 
 *149
 
 The demurrer must be sustained, and the bill dismissed with costs.
 

 Per Curiam. Decree accordingly.